Opinion
SWEARINGER, J.
This cause having been submitted for decision, and fully considered, judgment is ordered as follows: The judgments are reversed. Appellants to recover costs on appeal.
*Supp. 23 This appeal presents a single issue of law.
Appellants, being union employees’ pension funds, have sued numerous respondents for sums due as contributions to be paid under a collective bargaining agreement to the union’s pension funds following participation in a work of improvement involving work performed by appellants’ membership. The mode of enforcement selected by appellants has been the perfection of a mechanic’s lien on the property involved and an action to foreclose that lien.
This mode of collection in this posture is authorized by Civil Code section 3111.
The trial court ruled, in granting a general demurrer, that Civil Code section 3111 is entirely preempted by federal statute, the Employee Retirement Income Security Act of 1974, 29 United States Code section 1001 et seq., commonly referred to as ERISA. The complaint was dismissed on this ground, the position of the trial court being that no cause of action was stated in the complaint by reason of ERISA preemption of Civil Code section 3111. The thrust of respondents’ arguments is that actions under ERISA are to be pursued in its prescribed forums and in the mode selected by Congress.
We note, from a recent California case bearing on the issue presented here, that ERISA preempts only such state laws “as regulate the terms and conditions of employee benefit plans.” (Carpenters Health & Welfare Trust Fund v. Pamas Corp. (1986) 176 Cal.App.3d 1196, 1201, italics and internal quotation marks omitted. [222 Cal.Rptr. 668].)
We have reviewed the cases of Pilot Life Ins. Co. v. Dedeaux (1987) 481 U.S. 41 [95 L.Ed.2d 39, 107 S.Ct. 1549] and Fort Halifax Packing Co. v. Coyne (1987) 482 U.S. 1 [96 L.Ed.2d 1, 107 S.Ct. 2211], relied upon by respondents, but do not find them to be persuasive or controlling in the relatively simple posture of this case.
Here, there is no dispute as to benefit entitlement nor as to what party is to receive and hold the benefit money. The amount in question is not in dispute.
The only dispute is as to the proper forum and applicable law for collecting a sum of money that is due and owing.
The trial court took the view that ERISA at 29 United States Code section 1144(a) “supersede^] any and all State laws insofar as they may *Supp. 24 now or hereafter relate to any employee benefit plan [within the meaning of ERISA].” Therefore, since a pension plan is involved in a collection effort of moneys due and payable, ERISA controls. So goes that argument.
That argument, which is the essential contention of respondents here, when examined against the purposes of ERISA, as elucidated in numerous cases cited, proves to be an expression of “black literalism” rather than a careful analysis of the law.
What we have here is an alleged ordinary debt owed under collective bargaining agreements sought to be collected pursuant to a local statute designed to provide a remedy when payment is not forthcoming.
It is conceptually similar to an action to collect wages owed to workmen via the machanic’s lien route. There is a slight difference, of course. The moneys sought to be collected are not immediately payable to the workmen. Instead, by collective bargaining agreement, the worker benefits are paid to pension funds which defer worker payments until vesting has occurred and benefits are payable under the particular pension plan.
We are not impressed by the many cases cited by respondents which speak to the applicability of ERISA in particular circumstances, all involving pension plans as entities all tangled up in controversies relating to the operation of the plans, rights and duties thereunder, et cetera.
In the case at bar, the controversy is completely external to the pension plan entities and to the plans themselves. The entities are merely trying to collect an allegedly honest obligation on behalf of the members of the plan, with contractual standing to be the collecting entities.
The key factor that leads us to reverse the order of the trial court and order reinstatement of the action is the simple reality that the controversy does not relate to the pension plan. (See Pilot Life Ins. Co. v. Dedeaux, supra, 481 U.S. 41, and Fort Halifax Packing Co. v. Coyne, supra, 482 U.S. 1.) The controversy relates to some money allegedly owed to the plan.
We laud the careful work of Congress in bringing order and regularity to the employee’s pension plan programs which are such a prominent feature of American life in these times. We are pleased that the statutory scheme is sufficiently broad so as to fully regulate the pension plan industry, noting that the ERISA legislation was badly needed.
But, we do not see the applicability of ERISA to the posture of this case.
*Supp. 25 Accordingly, the judgments are reversed.
Margolis, P. J., and Roberson, J., concurred.